## Thomas T. Boyle, Appellee, v. Chicago and Eastern Illinois Railroad Company, Appellant.

1. DAMAGES, § 115*—*when verdict for five thousand dollars for personal injuries is excessive.* A verdict for five thousand dollars for injuries sustained by a switchman *held* excessive, the injury having been caused by a fall through the roof of a car, and the evidence showing that no bones were broken or joints dislocated and no cuts, bruises or visible marks of any injury except a scratch on the leg, and there being evidence that numerous doctors were unable to find anything the matter with him.

2. INSTRUCTIONS, § 81*—*when properly refused for giving undue prominence to the evidence.* Requested instructions directing the attention of the jury to particular portions of the evidence, thereby giving it undue prominence, *held* properly refused.

3. APPEAL AND ERROR, § 1562*—*when refusal of requested instruction as to the manner of determining damages not reversible error.* In an action to recover damages for personal injuries, refusal of a requested instruction telling the jury that in case they found for plaintiff they should not fix the amount of the damages by adding

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

together the sums the individual jurors thought plaintiff should recover and dividing the total by the number of jurors, *held* not reversible error, though it would not have been error to give the instruction.

Appeal from the Circuit Court of Vermilion county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the April term, 1913. Reversed and remanded. Opinion filed October 16, 1913.

H. M. STEELY and H. M. STEELY, JR., for appellant.

CLARK & HUTTON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action on the case brought by Thomas T. Boyle in May, 1912, against the Chicago and Eastern Illinois Railroad Company to recover damages for personal injuries claimed to have been sustained by him while in its employ as a switchman on the night of September 5, 1911, in the Brewer yards near Danville. A jury returned a verdict for plaintiff for five thousand dollars, on which judgment was rendered. The defendant appeals.

The appellant has assigned error on the rulings of the court, on the admission of evidence and on the giving of certain instructions and the refusing to give others. While several of the instructions given for appellee are abstract in form they could not mislead the jury. Some of the refused instructions were given in substance and others were properly refused because they directed the attention of the jury to particular portions of the evidence giving to it undue prominence. The eighteenth instruction requested by the appellant, and refused, told the jury that in case they found for appellee they should not fix the amount of the damages by adding together the sums the individual jurors thought appellee should recover and dividing the total by the number of jurors. While it

would not have been error to give the instruction it was not reversible error to refuse it. We do not find any reversible error in the questions of law contended for by appellant.

It is also insisted that the evidence does not sustain the judgment and that it is excessive.

The evidence shows that appellee was a switchman, forty-eight years of age and weighing two hundred and sixty pounds. He had worked on a railroad about half the time since 1882, and began working for appellant in November, 1908. He testified that on the night he was injured he climbed on a cut of cars that were being switched in the Brewer yards, and after the cars stopped he was going over them to set brakes; that in walking over a stock car that had a patent ceiling twelve inches below the roof which extended to hay racks at the side of the car, and while about the middle of the car he stepped on what proved to be a rotten board, that his right foot went through the board and his leg went into the car sidewise between the ceiling and the roof of the car up to the crotch; that he fell forward with his left leg extended in front of him; that he fell heavily, so that his stomach struck against his knee, and that he wrenched and sprained his back; that he got up, started to set the brake on another car and continued at his work about two hours thereafter, when he had to quit work because of his injury. There were no marks or bruises about his person except a scratch on his leg. Since that time he has been in various hospitals and under the care of several physicians and claims to suffer pain in his head and back. He also claims to have trouble with his kidneys and with his urine, and that he is unable to work.

After the accident he was attended by Dr. Barton at St. Elizabeth's hospital in Danville about four weeks, where Dr. Bohart saw him three days after the accident. He then went to the Englewood hospital, where he was examined by Dr. Bohart, and while stay-

ing at that hospital, he went to the city daily to be treated by Dr. Englebrechtson, from October 9 to December 6, 1911. On April 9, 1912, he was examined by Dr. Moyer of Chicago, and in February he was examined by Dr. Rice in Terre Haute, Indiana. The evidence shows that none of these doctors were able to find anything the matter with him notwithstanding the most thorough tests. They testify that they never saw any objective symptoms and that all the symptoms were subjective, and that had he been injured in the way be claims, the injury would have been to his hip.

Doctor Taylor, a brother-in-law of appellee, who saw him in the hospital three or four days after the injury was received, testified that he had some temperature, complained of pain in his back and head and afterwards of trouble with his kidneys, but outside of the temperature he saw no objective symptoms. Doctor Webb, an osteopath, who treated appellee after July, 1912, testified that he found pain and tenderness in the small of the back and an anterior curve of the spine.

Appellee testified to having, when in the employ of the Wabash, fallen from the top of a box car from which accident he was laid up a few days, and of having an arm broken on the Big Four some years before the present injury was received, and that prior to this injury he was healthy and well and had never laid off or quit work, while working for appellant, except one night when he had cramps. The evidence of the members of the switching crew, with which he was working, is that two or three nights of each week he would work a while and then claim he was "all in" and then go and sit or lie down and that this occurred to such an extent that it was reported to the Company, and that he complained of rheumatism or pain in his back and legs.

The evidence shows that there were no bones broken or joints dislocated, and no cuts, bruises or visible marks of any injury at the time he claims he was in-

jured.   The doctors, except Taylor and Webb, were not able to find any symptoms showing any injury and testify that in their judgment the appellee is not suffering as he claims.  Upon a careful review of all the evidence, we are of the opinion that this judgment is clearly excessive and cannot be sustained.

In the final argument of counsel for appellee to the jury improper remarks were made that were of a nature calculated to arouse prejudice, and not to promote justice.  These remarks, which we do not deem necessary to set out in detail, may account for the amount of the verdict.   Counsel attempt to excuse the nature of the argument by saying it was provoked by, was in reply to and was like the argument for appellant. The record does not contain the argument of appellant, but whatever it may have been, it was no excuse for and does not remedy the error of appellee's counsel.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*